Shaina Plaksin, Esq. (NV Bar #13935)
**IMMIGRATION LEGAL CONSULTING, LLC**
8275 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
Phone: (702) 707-4959
Shaina@702immigration.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| YIGREMEW TEMESGEN,<br><br>  Plaintiff,<br><br>  V.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MERRICK GARLAND, in his Official Capacity, Attorney General; UNITED STATES DEPARTMENT OF STATE; ANTHONY BLINKEN, in his Official Capacity, Secretary of State; U.S. CONSULATE in ETHIOPIA; CHIEF, IMMIGRANT VISA SECTION, In Ethiopia; JOHN DOE, Consular Officer, Ethiopia,<br><br>  Defendants. | Case No.:<br><br>COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT<br><br><u>Immigration Case</u> |

### **INTRODUCTION**

1. Plaintiff U.S. Military Servicemember and U.S. Citizen YIGREMEW TEMESGEN (Mr. Temesgen) seeks an order compelling Defendants to adjudicate his pending petition of alien resident and issue his wife an immigrant visa.

1

2. Mr. Temesgen followed the proper procedures proscribed by U.S. Citizenship and Immigration Services ("USCIS") and the U.S. Department of State ("DOS") to sponsor and attempt to bring his wife to the United States through an immigrant visa. His case has been pending since 2017 and remains in a virtual black hole nightmare.

3. Mr. Temesgen works for the U.S. Navy in service of the United States. He is being thwarted by this same government in his attempt to reunite his family – himself and his wife. His case has been unreasonably delayed, and neither he nor his wife have been given any information as to why the case diverted from normal processing to return back to USCIS after Mrs. Seyoum's immigrant visa interview. All attempts to move the case forward or obtain more information through the regular channels have been unsuccessful due to the failure of the involved government agencies to perform their mandatory duties.

4. More specifically, Mr. Temesgen married his wife Yemsrach Seyoum ("Mrs. Seyoum"), and subsequently, on or about March 2017, Mr. Temesgen filed a Form I-130, Petition for Alien Relative (Form I-130) on behalf of his wife, Mrs. Seyoum, who lives in Ethiopia and is a citizen there. The I-130 Receipt Number is WAC1790265632.

5. Mr. Temesgen's I-130 was approved by USCIS on March 27, 2018.

6. At that point, USCIS sent Mr. Temesgen's application to the National Visa Center for immediate relative visa processing.

7. Mr. Temesgen and Mrs. Seyoum promptly completed the immigrant visa petition paperwork (DS-260 and I-864) online with the National Visa Center.

8. Mrs. Seyoum had an immigrant visa interview at the U.S. Embassy in Addis Ababa on or about September 10, 2018. At that time, the consular officer declined to provide Mrs. Seyoum with her I-551 stamp to allow her to join her U.S. Military Servicemember husband who is a U.S. Citizen. Instead, the U.S. Embassy sent the

petition back to USCIS. The consular officer failed to tell Mrs. Seyoum why it was sending her petition back to USCIS or give her any information.

9. A FOIA request to the Department of State similarly revealed nothing in Mrs. Seyoum's file to provide any explanation for returning the petition to USCIS.

10. As of February 7, 2023, the USCIS Online Case Status stated that the Department of State sent the case to USCIS for review as of December 13, 2021.

11. It is unclear what happened from September 10, 2018, through December 13, 2021.

12. Mr. Temesgen is active-duty servicemember of the U.S. Navy. He found out last year that he would be deployed at the beginning of this year. As such, he made expedite requests through the USCIS Military Hotline Phone Number on July 27, 2022 (Expedite reference number: T1B2082206473CSC) and August 23, 2022 (Expedite reference number: T1S2352205636CSC) due to his deployment. He had a letter of support from his commanding officer and a letter of deployment. Both were offered during the expedite request phone calls, but neither time would USCIS accept any documentation. Neither expedite request was ever answered to say anything other than the case was processing.

13. On or about October 21, 2022, Mr. Temesgen made a request through his legal counsel to the USCIS Ombudsman (Request Number 2022053983). The USCIS Ombudsman response simply explained that "Consular returned petitions are not eligible for expeditious review" and "there is no processing time for consular returned petitions."

14. On or about November 30, 2022, the Navy's Regional Legal Service Office also inquired into Mr. Temesgen's case with USCIS, requesting a case update and expedited processing due to Mr. Temesgen's upcoming deployment, but that office was similarly told that USCIS had the petition under review which they received back from the consular office without the visa being issued.

15. Mr. Temesgen was deployed in early 2023 while waiting for any update or information regarding his wife's case.

16. On or about July 7, 2023, Mr. Temesgen again made an inquiry with USCIS, which responded on July 18, 2023. USCIS stated that the inquiry was sent to the Las Vegas Field Office, and Mr. Temesgen should receive a response within 30 calendar days. To date, no response has been received.

17. Mr. Temesgen has again been deployed, early Oct. 2023. He remains without any updates or information regarding his wife's case.

18. In the meantime, USCIS, the Department of State, and U.S. Consulate in Ethiopia's refusal to adjudicate Plaintiff's application is a violation of their mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

## **JURISDICTION AND VENUE**

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus).

20. Venue is properly with this Court pursuant to 28 U.S.C. § 1391€ because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; because a substantial part of the events or omissions giving rise to the claim occurred in Las Vegas, Nevada, in the District of Nevada, and because there is no real property involved in this action.

## **PARTIES**

21. Plaintiff Mr. Temesgen is a citizen of the United States, who resides in Las Vegas, Nevada. He is a U.S. Navy Servicemember. He is currently deployed with the Navy.

22. Defendant United States Citizenship and Immigration Services ("USCIS") is the agency responsible for adjudication of applications for alien relative that do not fall within the jurisdiction of EOIR.

23. Defendant Merrick Garland is sued in his official capacity as the Attorney General ("Attorney General Garland"). In this capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.

24. Defendant United States Department of State ("DOS") is a department of the United States Executive branch of government, charged with, among other things, the issuance of immigrant visas authorizing entrance into the United States.

25. Defendant Anthony Blinken ("Secretary Blinken") is sued in his official capacity as the Secretary of State of the United States of America. He is in charge of the embassies, consulates, and consular officers who are responsible for the issuance of visas for entry into the United States. In addition, Secretary Blinken is in charge of overseeing all actions of his subordinate consular officers in making visa determinations and ensuring their compliance with the laws of the United States and the policies and procedures of the United States Department of State.

26. Defendant U.S. Consulate in Ethiopia is the consular post that is responsible for processing Mrs. Seyoum's application for an immigrant visa, pursuant to the approved petition filed by her husband, Mr. Temesgen.

27. Defendant Chief, Immigrant Visa Section, is the consular official responsible State Department official who has the power to issue an immigrant visa to Mrs. Seyoum, and who is also supposed to supervise subordinate consular officers, who also have the power to issue an immigrant visa to Mrs. Seyoum.

28. Defendant "John Doe" is the consular officer who has refused in bad faith to process Mrs. Seyoum's application for an immigrant visa and instead sent the application

back to USCIS, while also giving Mrs. Seyoum no reason for that failure to process the application for an immigrant visa.

### FACTUAL ALLEGATIONS

28. As used in United States immigration law, Plaintiff Mr. Temesgen is Mrs. Seyoum's "immediate relative" because Mr. Temesgen is Mrs. Seyoum's spouse. The opposite is also true that Mrs. Seyoum is Mr. Temesgen's "immediate relative" because they are spouses.

29. Under INA §§ 201 (b) and (2)(a), 8 U.S.C. § 1151, et seq., United States citizens ("USC") may apply for an immigrant visa for their non-citizen spouses.

30. The process whereby a non-citizen spouse of a United States citizen becomes a lawful permanent resident involves the United States citizen spouse petitioning USCIS on Form I-130 to classify her non-citizen spouse as an "immediate relative." If the necessary family relationship exists, then USCIS must approve the petition. 8 CFR § 204.1(a)(1).

31. USCIS uses Form I-130 to authorize the immigration of an "immediate relative" into the United States.

33. USCIS approved Mr. Temesgen's Form I-130 petition to admit Mrs. Seyoum into the United States.

34. Prior to approving a Form I-130 petition for admission of an "immediate relative," spouse, USCIS determines by a preponderance of the evidence, that the marriage is "bona fide," that is, that it is a real marriage and not entered into solely for immigration purposes.

35. Mr. Temesgen filed a Form I-130 requesting that his "immediate relative" and spouse, Mrs. Seyoum, be allowed to immigrate into the United States.

35. USCIS then determined that Mr. Temesgen and Mrs. Seyoum's marriage is "bona fide," and not entered into solely for immigration purposes.

36. USCIS approval of an I-130 does not directly grant the beneficiary authorization to enter the United States. Once USCIS has approved a Form I-130 petition to admit an "immediate relative" spouse into the United States, it then refers the matter to Defendant DOS to issue the actual immigrant visa.

37. USCIS referred Mr. Temesgen and Mrs. Seyoum's approved Form I-130 petition to admit an "immediate relative" spouse into the United States to Defendant DOS to issue Mrs. Seyoum the actual immigrant visa.

38. Mrs. Seyoum and Mr. Temesgen made proper their application to the Defendant Department of State for issuance of a spousal visa for Mrs. Seyoum. Mrs. Seyoum is a citizen of Ethiopia, so she therefore made her application at the U.S. Consulate in Ethiopia, through the Immigrant Visa Section, and she was duly interviewed by a "John Doe" consular officer, who is charged with the duty and power to approve and issue immigrant visas to the spouses of U.S. citizens. See INA §104(a)(1).

39. The standards for assessing Mrs. Seyoum and Mr. Temesgen's application for a spousal visa are set forth in 9 FAM 504.2-7(A)(1).

40. Mrs. Seyoum and Mr. Temesgen's application for a spousal visa complied with these standards.

41. Mrs. Seyoum and Mr. Temesgen cooperated with Defendant DOS to facilitate issuance of the visa.

42. Defendants DOS, Secretary Blinken U.S. Consulate in Ethiopia, Immigrant Visa Section Chief [at that consulate], and "John Doe" (the consular officer who interviewed Mrs. Seyoum) (collectively, "DOS Defendants") failed to issue Mrs. Seyoum an immigrant visa. DOS Defendants gave no answer or explanation for the

failure to issue the immigrant visa to Mrs. Seyoum. Instead, DOS Defendants sent Plaintiff and Mrs. Seyoum's application back to USCIS, again with no explanation as to the reason for this action.

43. To be clear, Mr. Temesgen's wife was not refused the visa by the DOS Defendants, but rather, the DOS Defendants failed to do their job to facilitate the issuance of Plaintiff's wife's immigrant visa.

44. Indeed, upon information and belief, the DOS Defendants then sat on Plaintiff's wife's application and did nothing from September 10, 2018, through December 13, 2021, at which time the application was sent to USCIS for review again.

45. Since December 13, 2021, Defendant USCIS and Defendant Attorney General Garland (together "USCIS Defendants") have failed to act on Plaintiff's application once it was received from the DOS Defendants. Mr. Temesgen made numerous inquiries with USCIS throughout the last almost 2 years waiting for another update in his case, as detailed above in the Introduction.

46. Mr. Temesgen is an active-duty servicemember in the U.S. Navy. This situation has caused him the extreme hardship of being separated from his wife for many years while this process has remained pending. He has been deployed multiple times during the pendency of this process. He is serving his country, while his country is preventing his wife from being reunited with him. This knowledge and the situation in general has taken a significant toll on his mental health. This hardship has been directly caused by the DOS Defendants' and USCIS Defendants' delay in adjudicating Mr. Temesgen's I-130 application and his wife's immigrant visa petition.

47. Accordingly, Plaintiff is eligible for his wife's I-130 (that was originally approved by USCIS) to be immediately sent from USCIS back to the U.S. Embassy in Ethiopia

for prompt approval of her immigrant visa petition and to provide her an immigrant visa, so she may finally join her husband, Plaintiff. Plaintiff asks this Court to require the agencies to fulfill their non-discretionary obligations to adjudicate the case.

## CAUSES OF ACTION

### COUNT ONE

### MANDAMUS

29. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

30. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  See 28 U.S.C. § 1361.

31. Defendants have a nondiscretionary duty to adjudicate Plaintiff's I-130 application and his wife's related immigrant visa petition.

32. Plaintiff has no other adequate remedy available to them to compel Defendants to adjudicate their application.

### COUNT TWO

### ADMINISTRATIVE PROCEDURE ACT

33. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

34. The APA requires the USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b).

35. Mr. Temesgen initially filed his I-130 in March 2017. It has been over 6.5 YEARS since Plaintiff's application was initially submitted, over 5 YEARS since Plaintiff's

wife's immigrant visa interview, and over 2 years since the application has been back with USCIS. Defendants willfully and unreasonably delayed and refused to complete adjudication of the I-130 application and immigrant visa petition.

36. Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

37. By failing to render a decision on Plaintiff's Form I-130 and Plaintiff's wife's related immigrant visa petition, Defendants are violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to perform all of their necessary duties in order to issue Plaintiff's wife an immigrant visa;

(3) Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

(4) Grant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this December 22, 2023,

By /s/ *Shaina Plaksin*
Shaina Plaksin, Esq. (NV Bar #13935)
Attorney at Law
**IMMIGRATION LEGAL CONSULTING, LLC**
8275 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
Phone: (702) 707-4959
Shaina@702immigration.com

*Attorney for Plaintiff*